## G. M. RAINS v. THE STATE.

### No. 8139.   Delivered January 7, 1925.

#### No motion for rehearing.

**Violation of Tick Law—Proof Necessary.**

In March 1923 appellant was notified to dip his cattle at a certain dipping vat on April 6th following. On the trial, the State failed to establish that in April 1923, appellant owned any cattle. Failing to make this proof, a verdict of guilty seems contrary to both the law, and the evidence.

Appeal from the County Court of Cherokee County. Tried below before the Hon. J. J. Balton, Judge.

Appeal from a conviction of violation of the tick law; penalty a fine of $50.00.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court of Cherokee county of violation of the tick law, and his punishment fixed at a fine of $50.00.

Appellant owned some cattle. In October 1922 he sold eight head. They were inspected before he sold them and found free of ticks. In March 1923 he was notified to dip his cattle at a certain dipping vat on April 6th following. He did not do so, hence this prosecution.

The penal features of the tick law are aimed at the owner, person in control or caretaker of live stock who violates its provisions, and in the complaint in this case it is alleged that appellant was such owner and caretaker and after due notice had failed and refused to dip his cattle. An inspection of the statement of facts shows that the State did not prove that in April 1923 appellant owned any cattle. His wife took the stand and testified that in fact he had none at that time. She said that she had a cow and calf which had been given her by her father. That appellant owned no interest in either of them; that she attended to and cared for both of said cattle; that they ran in a small pasture and were free from ticks.

Art. 4621 Vernon's Complete Texas Statutes 1920, specifically states that during marriage the wife shall have the sole management, control and disposition of her separate real and personal property, and when to this statement of the law is added the proof appearing in this case that the wife in fact took care of the cow and calf which were her separate property, and when it further appears that the State has

offered no testimony to combat the truth of this defensive matter, this court sees no alternative save to hold the State has failed to make out its case against appellant.

We might further add that in a special charge given, the jury were told that if they found appellant was the owner, controller or caretaker of milk or dairy cattle and that said cattle did not have the fever carrying tick on them, they should acquit. Two witnesses for the defense swore that they examined the cow and calf mentioned and found them free of ticks. No witness for the State testified to having made an examination and found ticks on said cattle. A verdict of guilty under these facts and this special charge seems contrary to both the law and the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*